## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 13 |
| LARRY & SONDRA HERBORD | |
| Debtors. | Case No. 07-60311 |
| RICHARD & ANGELA WILSON | In Proceedings |
| | Under Chapter 13 |
| Debtors. | Case No. 07-60331 |

OPINION

In both of the above-captioned cases, the chapter 13 trustee objects to confirmation on the basis that debtors have failed to apply all of their projected disposable income to make payments to unsecured creditors. Specifically, the trustee asserts that debtors may not deduct a $200.00 "old car" operating expense on line 59 of Official Form B22C in calculating their disposable income. The facts are undisputed.

Debtors are above-median income debtors. Larry and Sondra Herbord list three vehicles on Schedule B, all of which are more than seven years old and none of which are encumbered by liens. On line 27 of Form B22C, debtors have deducted $358.00 [1] as a vehicle operation expense on "2 or more" vehicles. Debtors have also deducted, on lines 28 and 29, vehicle ownership expenses in the amounts of $471.00 (for the first vehicle) and $332.00 (for the second vehicle). In addition, debtors have deducted, on line 59, an "old car" operating expense in the amount of $200.00. As

---

[1] As the chapter 13 trustee notes, the amount specified in the National Standards is $346.00. Debtors must file an amended B22C to reflect the correct amount.

1

authority for this deduction, debtors cite section 5.8.5.5.2 of the Internal Revenue Manual, which provides that "in situations where the taxpayer owns a vehicle that is currently over six years old and/or has reported mileage of 75,000 miles or more, an additional operating expense of $200 will generally be allowed for the collection period that remains after the loan/lease has been 'retired'...."  I.R.M. 5.8.5.5.2(3) (09-01-2005).

Debtors Richard and Angela Wilson list two vehicles on Schedule B.  One of the vehicles is encumbered by a lien in the approximate amount of $9,549.00.  The other vehicle, which is thirteen years old, is unencumbered by any liens.  Like the Herbords, the Wilsons have deducted $358.00[2] as a vehicle operation expense on "2 or more" vehicles.  Debtors have also deducted, on lines 28 and 29, vehicle ownership expenses in the amounts of $471.00 (for the first vehicle) and $332.00 (for the second vehicle).  Finally, the Wilsons have deducted, on line 59, the same $200.00 "old car" operating expense.  They, too, cite section 5.8.5.5.2 of the Internal Revenue Manual as authority for that expense.

The chapter 13 trustee and the United States Trustee both contend that neither the Herbords nor the Wilsons are entitled to deduct the additional $200.00 expense.  For the reasons set forth below, the Court agrees.

The Bankruptcy Code defines disposable income as "current monthly income received by the debtor ... less amounts reasonably

---

[2] The Wilsons must also file an amended Form B22C to reflect the correct amount of $346.00.

necessary to be expended." 11 U.S.C. § 1325(b)(2). For debtors with above-median income, "amounts reasonably necessary to be expended" must be determined in accordance with subparagraphs (A) and (B) of § 707(b)(2).[3]

This Court has already addressed the question of whether the provisions found in the Internal Revenue Manual are relevant in calculating expenses under § 707(b)(2) for above-median income debtors. In *In re Brand*, No. 06-31309, slip op. at 5 (Bankr.S.D.Ill. March 15, 2007), the Court held that the Manual is **not** applicable, and therefore, that debtors could not rely on the Manual to justify an additional $200.00 operating expense for their vehicle (the same expense at issue in the present cases). Likewise, in *In re Barrett*, 371 B.R. 855 (Bankr.S.D.Ill. 2007), the Court held that "there is no authority in the Bankruptcy Code for using the Internal Revenue Manual when interpreting §707(b)(2)(A)(ii)(I)." *Id.* at 858.[4] Debtors' reliance on I.R.M. 5.8.5.5.2 is therefore without merit.

The two cases cited by debtors' counsel do not support debtors' argument that they are entitled to claim the additional $200.00 operating expense. In *In re Zaporski*, 366 B.R. 758 (Bankr.E.D.Mich. 2007), the Court was not faced, as here, with the issue of the $200.00 "old car" expense. Instead, the Court examined the question of whether debtor was entitled to deduct the

---

[3] Specifically, § 1325(b)(3) provides that for above-median debtors, "[a]mounts reasonably necessary to be expended under paragraph (2) shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2)...." 11 U.S.C. § 1325(b)(3).

[4] The Court in *Barrett* examined and relied on the legislative history of BAPCPA in reaching this conclusion. *See Barrett*, 371 B.R. at 858-59.

standard ownership and operation expenses for vehicles he owned outright.  In concluding that debtor was entitled to deduct those expenses, the Court stated:

> BAPCPA does not adopt the IRS collection financial standards nor the Internal Revenue Manual.  Instead, it simply imports the 'applicable monthly expense amounts specified under the National Standards and Local Standards'.... The UST has cited no authority that would bar Zaporski, as the undisputed owner of two vehicles, from taking an operation expense for both of them.  The form [B22] invites it and the statute allows it.

*Id*. At 768-69.  Counsel appears to rely on the phrase "[t]he form invites it and the statute allows it" as support for debtors' position that they may "import" and deduct the $200.00 "old car" expense found in the Internal Revenue Manual.  Counsel does not, however, attempt to explain or argue how this phrase is relevant or helpful.  The Court finds that it is not, and further finds that *Zaporski* is inapposite to the facts and issues in the instant cases.

Debtors' reliance on *In re McGuire*, 342 B.R. 608 (Bankr.W.D.Mo. 2006) is also misplaced.  Without providing an explanation of the facts and reasoning in *McGuire*, counsel for debtors summarily concludes that the Court in that case "allows the additional $200 and calls it 'consistent with IRS Local Standards.'" However, the issue in *McGuire* was whether the debtors were entitled to claim a vehicle ownership expense on Form B22C. The Court held that because the McGuires owned the vehicle outright, they could not claim an ownership expense.  *Id*. at 613.[5] The Court stated that "*[i]nstead*, consistent with IRS Local

---

[5] This Court reached the opposite result in *In re Barrett*, 371 B.R. 855 (Bankr.S.D.Ill. 2007).

4

Standards, they are entitled to claim on Form B22C an additional operating expense of $200, which expense is allowed for debtors with cars more than six years old, or having more than 75,000 miles." *Id*. at 613-14 (emphasis added).  The *McGuire* decision clearly does not support debtors' argument that they are entitled to claim *both* the standard ownership and operation expenses, *and* the $200.00 "old car" expense.[6]

Accordingly, for the reasons set forth above, IT IS ORDERED that the trustee's objection to confirmation is SUSTAINED.  IT IS FURTHER ORDERED that debtors shall, within ten (10) days from the date of this Opinion, file an amended Form B22C in compliance with the Court's ruling in these cases.

SEE WRITTEN ORDER.

ENTERED: January 14, 2008

           /s/ Kenneth J. Meyers           
UNITED STATES BANKRUPTCY JUDGE

---

[6] Even the section of the Internal Revenue Manual on which debtors rely provides that the additional $200.00 "old car" expense "will generally be allowed *for the collection period that remains after the loan/lease has been retired*...."  I.R.M. 5.8.5.5.2(3) (09-01-2005) (emphasis added), thus suggesting that the $200.00 expense is intended only for those debtors who cannot claim an ownership expense.